UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO: 4:22-CR-00259 |
| Plaintiff, | JUDGE BRIDGET BRENNAN |
| v | |
| LOGAN MALIK | **DEFENDANT'S MOTION FOR DISCOVERY** |
| Defendant. | |

 Now comes the defendant, by and through counsel, respectfully requests of the Court that it issue an order requiring that the government produce the following information or documents which are discoverable pursuant to Rule 16 and Rule I 2(d)(2), of the Federal Rules of Criminal Procedure and Rule 404(b) of the Federal Rules of Evidence; or are exculpatory under Brady v. Maryland. 373 U.S. 83(1963) or discoverable pursuant to Giglio v. United States, 405 U.S. 150(1972) and their progeny.

Defendant's Statements — Rule 16(a)(1)(A)

 (1) Defendant requests production of any written or recorded statement made by the defendant within the possession, custody or control of the government, to include such statements presently within the possession or control of government law enforcement officers or informants, the existence of which may become known to you through the exercise of due diligence.

 (2) Defendant requests disclosure of any written record containing the substance of any oral statement made by the defendant (including police or agent notes) in response to interrogation by a person then known to the defendant to be a government agent. This

1

request seeks relevant oral statements regardless of whether the government intends to use them in evidence.

(3) Defendant also request that the government determine whether defendant has made an oral statement to any law enforcement officer or agent which the government intends to use at trial but which has not been reduced to writing. If such a statement is found to exist, it is requested that you cause It to be reduced to writing and produced.

Defendants Prior Criminal Record — Rule 16 (1)(a)(B)

Defendant requests a copy of his prior criminal record, including all matters known to or reasonably discoverable by the government which may affect the criminal history score under the United States Sentencing Guidelines. Chapter 4.

Documents and Tangible Objects — Rule 16(a)(1)(C)

Defendant requests that the government produce the following documents (copies) and tangible objects:

(a) those which the government intends to use as evidence in chief at trial;
(b) those which were obtained from or belong to the defendant (together with a description of where each item was found or obtained); and
(c) those which are material to the preparation of the defense, (including, but not limited to: documents and tangible objects relevant to any "other offense" evidence which the government intends to introduce at trial under Rule 404(b)).

Counsel for the defendant would consider all documents and objects which have been obtained or confiscated by the government from outside sources during its investigation(s) of this case to be material to the preparation of the defense and therefore producible; and request notice of any government decision to refrain from producing any such materials, so that a judicial decision as to production may, if warranted, be sought.

Report of Examinations and Tests — Rule (a)(1)(D)

Defendant requests an order requiring immediate government production of copies of

all results or reports of physical or mental examinations and scientific tests or experiments which are in the government's possession custody or control, or the existence of which may become known to the government through the exercise of due diligence, which have been obtained or ordered (upon receipt by the government) relative to this case, in that they would be material to the preparation of the defense. Should counsel for the government have any questions as to whether or not a particular report is producible, counsel requests that he be given a generic description of such report so that a judicial decision as to production may, if warranted, be sought.

Summaries of Expert Testimony — Rule 16 (a)(1)(E)

   Defendant requests a written summary of any expert testimony which the government intends to offer into evidence under Rules 702, 703 or 705 of the Federal Rules of Evidence in its case in chief, to include a description of the witnesses' opinions, the bases and reasons therefore and the witnesses' qualifications.

Rule 12(d)(2) Notice

   Defendant seeks an order requiring immediate notice of the government's intention to use in evidence in chief at trial any evidence which the defendant may be entitled to discover under Rule 16 of the Federal Rules of Criminal Procedure.

Other Offense Evidence – Rule 404(b)

   Defendant requests that the government be ordered to immediately provide notice of the nature of any "other offense" evidence which the government intends to use at trial in its case-in-chief or in rebuttal, together with any documents or tangible objects which the government intends to introduce in evidence in connection with such other offense evidence; any documents material to the preparation of the defense in opposition to said other offense evidence; and any written or oral statement made by the defendant relevant to said other

offense evidence, as such statements are defined in Rule 16(a)(1)(A). See Rule 404(b), Fed. R Evid.; Rule 16(a)(1)(C), Fed. R. Crim. P.

Brady Material

Pursuant to Brady v. Maryland, 373 U.S. 83 (1963) and its progeny, defendant requests that he be provided with any exculpatory material which exists in this case relating to guilt and/or punishment. He requests that the Court order that any question with regard to whether certain information exists constitutes Brady material, be resolved by immediate presentation of such information to the Court for in camera inspection and determination as to whether it should be produced, and that his counsel be provided notice that an in camera presentation is being made.

Giglio Material

Defendant requests, pursuant to Giglio v. United States, 405 U.S. 150 (1972) and its progeny that the Court order the government to produce any information know or reasonably discoverable by the government which might bear unfavorably upon the credibility of any witness expected to be called to testify by the government at trial.

Such information should include, but not be limited to: (a) the witness' prior criminal record including pending cases; (b) any known instance of the witness having made a false statement to a law enforcement officer either before or after arrest in the instant case, or while under oath; (c) any direct or implied promises of benefit or lenience in whatever form, known to have been made with respect to this or any other case; (d) information, if any, related to the length and extent of the witness' addiction to narcotic drugs; and (e) the name and address of any person(s) known to the government to whom the witness has made statements concerning the subjects of the indictment, which statements were inconsistent with statements made by the witness to law enforcement officers.

Respectfully submitted,

**s/Leif B. Christman**
**LEIF B. CHRISTMAN (0070014)**
55 Public Square, Suite 2100
Cleveland, Ohio 44113
Tel: 216-241-5019
Fax. 216-363-6013
E_mail: Lbchristman@hotmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2022, the forgoing Discovery Requests was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Respectfully submitted,

s/ Leif B. Christman
Leif B. Christman
Attorney for Defendant