UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  4:22-CR-259 |
| | ) | |
| Plaintiff, | ) | JUDGE BRIDGET M. BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| LOGAN DANIEL MALIK, | ) | **TRIAL ORDER** |
| | ) | |
| Defendant. | ) | |

The defendant in this matter was arraigned on May 31, 2022.  The Court now enters this Order to guide the parties in the disposition of this matter.

### PLEAS AND PLEA STATEMENTS

The plea deadline is **July 13, 2022**.  A guilty plea hearing shall be scheduled by counsel with the Court to take place on or before this date.  If a defendant intends to enter a plea of guilty without a written plea agreement, then the attorneys shall promptly and jointly provide the Court with a Plea Statement which includes the elements of the offense(s) to which the defendant is pleading, as well as the maximum statutory penalties for the offense(s).

### FINAL PRE-TRIAL CONFERENCE

The final pre-trial conference in this matter will take place in Courtroom 15B, 801 West Superior Avenue, Cleveland, Ohio, on **July 18, 2022, at 1:00 p.m**.  Lead counsel of record must be present and prepared with full authority to discuss all aspects of the case, including any pending motions and trial schedules. The defendant must be present.

**TRIAL**

Jury selection shall commence in Courtroom 15B, 801 West Superior Avenue, Cleveland, Ohio, on **August 1, 2022, at 9:00 a.m.**

The following instructions will govern the operation of the trial and the obligations of parties and their counsel:

1. **Trial Days**

Trials will begin at 9:00 a.m. and continue until 5:00 p.m., unless circumstances dictate otherwise, with one (1) fifteen-minute break in the morning, a one (1) hour lunch break, and one (1) fifteen-minute break in the afternoon. Counsel must notify the Court's staff of issues to be addressed by the Court outside the presence of the jury so that trial may proceed with as few interruptions as possible. Accordingly, counsel should expect to be present in the courtroom from 8:30 a.m. until 5:30 p.m. in order to address matters outside the presence of the jury.

All parties are to be present in the courtroom at all times when the jury is seated.

2. **Motions and Trial Briefs**

Unless otherwise ordered by the Court, motions other than motions *in limine* shall be filed within twenty-one (21) calendar days following the date of arraignment. Motions *in limine*, shall be filed no later than three (3) business days before the final pretrial conference. The Court does not look favorably upon the practice of filing *pro forma* motions. It is expected that every motion filed will be based on real factual need and be supported by a substantial foundation, and that such foundation will be explicitly stated in the motion pursuant to Local Criminal Rule 12.1.

Trial briefs shall be filed no later than seven (7) calendar days before the trial date. A complete trial brief includes: (a) a statement of the facts; (b) a complete discussion of the controlling law together with specific citations of statutes and case law; and (c) a discussion of

any evidentiary issues likely to arise at trial. The header of every document in the electronic record of a case contains a "Page ID #" in the upper right corner. Whenever a motion, brief, or other filing makes reference to the record, it must do so using that Page ID #. (Example: "Doc. No. 22 at 1253.")

3. **Stipulations of Fact and Preliminary Statements**

Counsel for the parties shall confer with one another in order to prepare written stipulations as to all uncontested facts to be presented at trial to the jury or to the Court, as the case may be. Stipulations of fact are strongly encouraged in order to eliminate the need for testimony of witnesses as to facts which are not in dispute. Said stipulations shall be signed by both counsel as well as the defendant and filed with the Court no later than seven (7) calendar days before the trial date.

Counsel shall also prepare and submit a Joint Preliminary Statement (not to exceed two (2) pages) describing the case in an impartial, easily understood, and concise manner for use by the Court either during *voir dire* or at the time the jury is impaneled. This statement will be used to set the context of the trial for the jury and must be filed with the Court and emailed to chambers at Brennan_Chambers@ohnd.uscourts.gov in Word format no later than seven (7) calendar days prior to the trial date.

4. **Exhibits**

Counsel shall exchange exhibit lists (*see* Appendix A) on or before seven (7) calendar days before trial. The exhibit lists shall identify and briefly describe each item of documentary or physical evidence which is to be offered. Each attorney shall have a continuing obligation to supplement the party's exhibit list immediately upon learning of any additional exhibit.

Any objection to a proposed exhibit shall be filed no later than three (3) business days

before the trial date.  Such objections shall include a brief statement as to why the proposed exhibit should not be permitted or admitted, as well as specific citations to pertinent case law or other legal authority.

With respect to submitting exhibits, each party must submit all exhibits on a single storage device such as a CD, DVD, or USB drive.  A separate CD or USB drive should be provided for Plaintiffs' Exhibits, Defendants' Exhibits, and any Joint Exhibits.

The exhibit files must be renamed using a naming convention similar to: <exhibit number>-<exhibit part>_<exhibit description>.<file extension>.  The exhibit number MUST be a number.  Exhibits with subparts can be so designated using a letter for the exhibit part.  The use of the "underscore" character is required when an optional description of the exhibit is included and cannot be used elsewhere in the exhibit name.

Example listing of valid exhibit file names:

```
1-a_photograph.jpg
12_2009Tax Statement.pdf
35d.pdf
12(a)_camera footage.wmv
```

Any questions regarding the naming conventions for the electronically stored exhibits should be directed to the Courtroom Deputy or Judicial Assistant at (216) 357-7200.

To maintain consistency between the electronic and the paper exhibits, ALL PARTIES SHALL LABEL THEIR EXHIBITS WITH NUMBERS.  Counsel shall mark all exhibits before trial with official or similar stickers.  Exhibits shall be labeled with the party followed by the exhibit number (e.g., "Plaintiff 1", "Def 2", or "P 3").  The case number shall also appear on the stickers.

Where more than ten (10) exhibits are offered by a party, it is required that counsel place all exhibit sets in a three-ring loose-leaf binder/notebook with appropriately marked divider tabs and a table of contents.

Exhibits themselves will not be filed with the Clerk of Court.

Counsel shall exchange copies of all exhibits and exhibit indexes no later than two (2) business days before the scheduled trial date.  Each party must send exhibits in this format to the Court, Chambers 15B, such that the Court is guaranteed to receive them by no later than two (2) business days before trial.  Exhibits not identified and exchanged prior to trial shall not be introduced at trial, absent a showing of good cause.

5. **Witnesses**

Counsel shall file under seal a list of proposed witnesses (*see* Appendix B) on or before seven (7) calendar days before trial.  The witness lists shall provide a brief description of each witness and the purpose of witness's testimony.

Any objections to a proposed witness shall be similarly filed no later than three (3) business days before the trial date.  Such objections shall include a brief statement as to why the proposed witness should not be permitted, as well as specific citations to pertinent case law or other legal authority.

6. **Voir Dire**

The Court will conduct initial *voir dire* of the panel and of individual panel members. The Court will thereafter allow one counsel for each party to question the panel briefly on issues not addressed by the Court.

Proposed questions for the Court's *voir dire* must be filed no later than three (3) business days before the final pretrial conference.

7. **Jury Instructions**

Counsel are required to file complete jury instructions with the Court and email them to chambers in Word format. The instructions should include: (a) the general boilerplate instructions on issues such as credibility, burden of proof, etc.; (b) the law applicable to the particular charges for which the defendant is on trial; (c) any interrogatories; and (d) jury verdict forms.

Counsel shall exchange proposed jury instructions no later than ten (10) calendar days before the final pretrial conference. Counsel shall then confer regarding their respective proposals in an effort to reach an agreement regarding as many jury instructions and interrogatories as possible.

A single joint submission of jury instructions shall be filed no later than three (3) business days before the final pretrial conference, providing: (a) agreed upon instructions; (b) instructions proposed by plaintiff, but opposed by defendants; and (c) instructions proposed by defendants, but opposed by plaintiffs. All proposed instructions shall be supported by citations to legal authority.

8. ***Jencks* and Reciprocal *Jencks* Material**

Unless there is a well-founded concern for the safety of the witness, the parties are strongly encouraged to provide *Jencks* and reciprocal *Jencks* material before trial commences and certainly no later than the close of proceedings the day before the witness is expected to testify.

9. **Special Instructions to Counsel**

Any and all motions, responses, stipulations, objections, pleadings, or memoranda filed or required to be filed within two (2) business days of any plea, conference, hearing, final

pretrial, or trial, shall be emailed to chambers in Word format as well as to opposing counsel on the same day it is filed. If and when a plea or change of plea is scheduled, the plea agreement shall be emailed to the Court in Word format not later than one day prior to the plea.

 10. **Electronic Courtroom**

The Court is pleased to have one of the most technologically advanced courtrooms in the United States. This courtroom features, among other things, the technology necessary to present evidence in a video format. The Court encourages all counsel to utilize this technology whenever appropriate.

Counsel bears the responsibility for developing proficiency with this technology well in advance of trial. The Court will make staff available to facilitate counsel's access to the courtroom prior to trial so that it may test the equipment and ensure its use during trial.

**IT IS SO ORDERED**.

Date: June 2, 2022

BRIDGET M. BRENNAN
U.S. DISTRICT JUDGE

## **TIMELINE OF SUBMISSIONS SPECIFIED IN TRIAL ORDER**

### **Twenty-one (21) calendar days after the arraignment**

Motions deadline, with the exception of motions *in limine*

### **Ten (10) calendar days before the final pretrial conference**

Counsel to exchange proposed jury instructions

### **Three (3) business days before the final pretrial conference**

1. Motions *in limine*
2. Single, joint submission of proposed jury instructions
3. Proposed questions for the Court's *voir dire*

### **Seven (7) calendar days before the trial date**

1. Trial briefs
2. Stipulations of Fact
3. Joint Preliminary Statement, with a copy in Word format emailed to the Court
4. Proposed exhibit lists (Appendix A)
5. Proposed witness lists (Appendix B) (*filed under seal*)

### **Three (3) business days before the trial date**

1. Objections to a proposed exhibit
2. Objections to a proposed witness (*filed under seal*)

### **Two (2) business days before the trial date**

1. Counsel to exchange copies of all exhibits/exhibit index
2. Counsel to provide the Court with a copy of all exhibits/exhibit index