IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO.: 4:22CR259 |
| | ) |
| Plaintiff, | ) JUDGE BRIDGET BRENNAN |
| | ) |
| v. | ) |
| | ) |
| LOGAN DANIEL MALIK, | ) PROPOSED REVISION TO JURY |
| | ) INSTRUCTIONS |
| Defendant. | ) |
| | ) |

  The United States of America, by and through its attorneys, Michele M. Baeppler, First Assistant United States Attorney, and Yasmine Makridis, Assistant United States Attorney, hereby submits this revision to the proposed jury instructions.

  The government proposes that the fourth element for the offense charged in Count 1 be changed from "defendant committed these acts *knowingly and willfully*" to "defendant committed these acts *knowingly*." After further review of pattern instructions from other districts and the plain language of 18 U.S.C. § 912 it is apparent that the *mens rea* required is knowingly and the previously submitted jury instructions are incorrect.

  The majority circuit view does not require the government to prove that the defendant acted "willfully". The crime defined by section 912 has two elements: falsely pretending to be an officer or employee of the United States, and acting 'as such.' *United States v. Rosser*, 528 F.2d 652, 656 (D.C. Cir. 1976). 18 U.S.C. § 912 has two elements: (1) falsely impersonating a United States employee or officer, and (2) committing an overt act in conformity with the pretense. *United States v. Wade*, 962 F.3d 1004, 1008–09 (7th Cir. 2020). The offense is merely to act in a pretended character. *Honea v. United States*, 344 F.2d 798 (5th Cir. 1965).

1

The Ninth Circuit's pattern instructions are as follows:

First, the defendant falsely pretended to be an [officer] [employee] acting under the authority of [the United States]; and
Second, the defendant acted as such.

Model Crim. Jury Instr. 9th Cir. 24.9 (2023).

The Eight Circuit's pattern instructions outline the elements as:

One, the defendant pretended to be (describe the pretense, e.g., a special agent of the F.B.I.); and
Two, such pretense was false and the defendant knew it was false; and
Three, the defendant, while so pretending, [acted with the intent to cause a person to follow some course of action or inaction][3][[demanded] [obtained] some [money] [paper] [document] [thing of value]].

Model Crim. Jury Instr. 8th Cir. 6.18.912 (2021).

Only the Fourth Circuit states the *mens rea* required is "knowingly and willfully". To show a violation of § 912, the government must prove four elements beyond a reasonable doubt: (1) that the defendant was not an officer or employee of the United States; (2) that the defendant falsely pretended to be an officer or employee of the United States; (3) that the defendant *acted as such* or *demanded or obtained a thing of value*; and (4) that the defendant did so knowingly and willfully. *United States v. Ziegler*, 1 F.4th 219, 232 (4th Cir. 2021).

However, when Congress requires the government to prove "willfulness" it is expressly stated in the statute. For example, in tax crimes, Congress commonly requires the government to prove that the defendant acted willfully. *See* 26 U.S.C. §§ 7201, 7202, 7203, 7206. Congress also imposed that heightened *mens rea* in other contexts, such as making false statements "knowingly and willfully" in any manner within the jurisdiction of the government. *See* 18 U.S.C. § 1001. Congress also requires the government to prove willfulness in health care fraud prosecutions under 18 U.S.C. § 1347 "Whoever knowingly *and willfully* executes, or attempts to

execute, a scheme or artifice...") (emphasis added).  That heightened *mens rea* is also explicitly required in threats against federal officials.  See, e.g., 18 U.S.C. §§ 871, 878, 879.

Congress has even included a willfulness requirement in other impersonation statutes.  Title 18, United States Code, Section 911 makes it a crime for a person to "falsely and willfully" represent himself to be a United States citizen.  That statute was enacted on June 25, 1945.  *See* 62 Stat. 742.  Title 18, United States Code, Section 912 – the statute charged in this case—was enacted in the same legislation.  Congress, however, chose not to include the willfulness language in that provision.

The plain text of Section 912, therefore, shows that it contains no willfulness requirement.  Moreover, since it was adopted at the same time as Section 911, the long-established canon of statutory construction, *expressio unius est exclusio alterius*, ("the mention of one thing implies the exclusion of another,") supports the government's argument that Congress did not intend to require the government to prove that the defendant acted willfully in Section 912 prosecutions.  This Court should reject the addition of a heightened *mens rea* requirement into a statute.

Respectfully submitted,

Michelle M. Baeppler
First Assistant United States Attorney

By: /s/ Yasmine Makridis
Yasmine Makridis (OH: 0090632)
Assistant United States Attorney
100 East Federal Street, Ste. 325
Youngstown, Ohio 44503
Office: (330) 740-6992
Fax: (330) 746-0239
Email: Yasmine.Makridis@usdoj.gov